**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JAMAL GROSS, 33269-044,    ) | |
|       Petitioner,    ) | |
| vs.    ) | No. 3:09-CV-2355-P |
| ) | |
| WARDEN NFN CRUZ,    ) | |
|       Respondent.    ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A. Nature of Action**

At the time Petitioner filed this action, he was incarcerated in the Federal Correctional Institution (FCI) located in Seagoville, Texas. He brings this habeas action pursuant to 28 U.S.C. § 2241.

**B. Claims**

Petitioner claims that the Bureau of Prisons (BOP) has unlawfully denied him eligibility for early release under 18 U.S.C. 3621(e). He seeks an order declaring his eligible for early release, and an order that Respondent place him in a Community Correction Center ("CCC") as part of the early release process.

Respondent states the petition is moot because BOP has now determined that Petitioner is eligible and qualifies for early release. Respondent states Petitioner has been transferred to a CCC and will be released from custody on September 19, 2010.

Petitioner filed a traverse stating his petition is not moot because he alleges new claims regarding an assault while incarcerated at Seagoville.

## II. MOOTNESS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988).

In this case, Petitioner has been granted all of the relief requested in his petition. His petition should therefore be dismissed as moot.

## III. REMAINING CLAIMS

In his traverse, Petitioner seeks to raise a claim for money damages related to an assault at Seagoville. A claim for damages, however, is not proper under § 2241. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000) (stating § 2241 is used to challenge the manner in which a sentence is executed); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that where prisoner attacks the conditions of confinement, not the execution of his sentence, his claims are not cognizable under § 2241). Petitioner's claims should therefore be dismissed without prejudice.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the

petition brought pursuant to 28 U.S.C. § 2241 be dismissed as moot and that Petitioner's remaining claims be dismissed without prejudice.

SIGNED this 28th day of June, 2010.

*(signature)*
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).